```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DANA LINN FLYNN,**

                            Petitioner,

           v.                              CASE NO. 07-3167-SAC

**STATE OF KANSAS, et al.,**

                            Respondents.

**O R D E R**

Petitioner proceeds pro se on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, alleging constitutional error in her state conviction. Before the court is respondents' motion to dismiss the petition as time barred. Having reviewed the record, the court grants respondents' motion.

The Antiterrorism and Effective Death Penalty Act (AEDPA) enacted in 1996 imposed a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of this one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

In the present case, petitioner's conviction on charges of first degree murder, conspiracy to commit first degree murder, and

conspiracy to commit perjury (Geary County District Court Case 94-CR-1053) were final December 26, 2002, for the purpose of starting the running of the one year limitation.  *See* 28 U.S.C. § 2244(d)(1)(A)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").  Petitioner stopped ("tolled") the running of that one year period approximately 277 days later when she filed a motion for post-conviction relief in the state courts under K.S.A. 60-1507.  The approximate 88 days remaining in the § 2244(d)(1) limitation period resumed running June 9, 2006, when the Kansas Supreme Court affirmed the state district court's denial of post-conviction relief, and expired well before petitioner initiated the instant habeas action in federal court in June 2007.

In response to respondents' motion to dismiss, petitioner provides partial copies of tow letters dated in June and August 2006 from retained counsel in her state post-conviction action, each stating that petitioner had one year from the state court's denial of post-conviction relief on June 9, 2006, to file a petition in federal court under 28 U.S.C. § 2254.  This advice was not accurate because it failed to account for the approximately 277 days of the statutory limitation period that had been used prior to petitioner's filing of her post-conviction motion in the state courts.

Accordingly, petitioner's federal habeas application is time barred absent a showing of circumstances warranting equitable

2

tolling of the § 2244(d)(1) limitation period. *See* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(AEDPA limitations period subject to equitable tolling).

Equitable tolling is warranted only in rare and exceptional circumstances. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Tolling is warranted if the petitioner demonstrates that extraordinary circumstances beyond her control prevented her from filing a timely federal petition, and that she diligently pursued her claims throughout the period she seeks to toll. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir .2000), *cert. denied*, 531 U.S. 1194 (2001). The court finds petitioner has made no such showing in this case.

Petitioner's reliance on attorney error regarding the operation of the limitation period in 28 U.S.C. § 2244(d)(1) is insufficient. *See* Lawrence v. Florida, __U.S. __, 127 S.Ct. 1079, 1085 (2007)("Attorney miscalculation is simply not sufficient to warrant equitable tolling [of one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment], particularly in the post-conviction context where prisoners have no constitutional right to counsel."). This includes attorney error in interpreting 28 U.S.C. § 2244(d), such as the mistaken belief that the one year limitation period was reset rather than tolled after a state collateral appeal. *See e.g.,* Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003)(citing case), *cert. denied*, 541 U.S. 905 (2004). *See also* Reynolds v. Hines, 55 Fed. Appx. 512 (10th Cir. 2003)(Unpublished Opinion)(upholding district court's finding that

habeas petitioner's attorney's incorrect advice regarding when the limitations period began to run was not the type of extraordinary circumstance entitling the petitioner to equitable tolling); <u>Jackson v. Kaiser</u>, 229 F.3d 1163 (Table), 2000 WL 1289241 (10th Cir. 2000)(equitable tolling not warranted even when attorneys clearly err by misleading their clients about AEDPA's statute of limitations).

Accordingly, petitioner's misunderstanding of the limitations period based on her attorney's mistake does not excuses her delay in seeking habeas corpus review of her claims in federal court. Finding no showings of extraordinary circumstances and due diligence have been made for equitable tolling, the court concludes the petition is not timely filed and should be dismissed.

IT IS THEREFORE ORDERED that respondents' motion to dismiss is granted, and petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 7th day of February 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge