```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DANA LINN FLYNN,**

                    **Petitioner,**

      v.                                               **CASE NO. 07-3167-SAC**

**STATE OF KANSAS, et al.,**

                    **Respondents.**

## O R D E R

Petitioner proceeds pro se on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, alleging constitutional error in her state conviction. By an order dated February 7, 2008, the court dismissed the petition as time barred. Before the court is petitioner's timely filed motion under Rule 59(e) to alter or amend that judgment.

<u>Rule 59(e) Motion</u>

The procedural background in this case is uncontested. Petitioner's state convictions were final on December 26, 2002, for the purpose of starting the running of the one year limitation. *See* 28 U.S.C. § 2244(d)(1)(A). Approximately 277 days later, petitioner tolled the running of the remainder of that one year limitation period by filing a motion for post-conviction relief in the state

courts under K.S.A. 60-1507.  The approximate 88 days remaining in the § 2244(d)(1) limitation period resumed running June 9, 2006, when the Kansas Supreme Court affirmed the state district court's denial of post-conviction relief.  Petitioner did not file the instant action in federal court until almost a year later in June 2007.  Respondents filed a motion to dismiss the petition as time barred, arguing no equitable tolling was warranted notwithstanding petitioner's reliance on two letters from her retained post-conviction counsel which erroneously stated that petitioner had until June 9, 2007, to seek federal habeas corpus review.  The court examined the record and granted respondents' motion to dismiss.

A Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration.  Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(*citing* Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995)).  While a  motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, it is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. Id. (*citing* Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)).

In the present case petitioner claims clear error in the court's final order and judgment. However, petitioner basically argues the court erred in finding petitioner's reliance on her post-conviction attorney's miscalculation of the limitation period under 28 U.S.C. § 2244(d)(1) did not constitute rare and extraordinary circumstances justifying equitable tolling. Having reviewed the record, the court does not believe it has misapprehended the facts of this case, the position taken by petitioner, or the relevant case law. Accordingly, petitioner's motion to alter or amend the judgment entered in this matter on February 7, 2008, is denied.

Notice of Appeal

Attached to petitioner's pro se motion is a single page unsigned document captioned for filing in this case and titled as petitioner's "Premature Notice of Appeal," which the court liberally construes as petitioner's notice of appeal from the final order and judgment entered on February 7, 2008.

Petitioner is advised that her "premature" notice of appeal became effective by the court's disposition herein this date of petitioner's pending motion filed under Fed.R.Civ.P. 59(e). *See* Fed.R.App.P. 4(a)(4)(B)(i). If petitioner also seeks to appeal from the denial of her motion to alter or amend the judgment in this matter, she must file an amended notice of appeal in a timely manner. *See* Fed.R.App.P. 4(a)(4)(B)(ii).

Petitioner paid the $5.00 district court filing fee in this matter, but has neither prepaid the $455.00 appellate filing fee nor submitted a motion for leave to proceed in forma pauperis without prepayment of that appellate fee. The court grants petitioner additional time to satisfy one of these requirements.

To obtain a certificate of appealability for her appeal, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1) and (2). Petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court finds petitioner has made no such showing in this case, and issues no certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's motion to alter or amend judgment (Doc. 11) is construed as including petitioner's notice of appeal from the judgment entered on February 7, 2008.

IT IS FURTHER ORDERED that petitioner's motion to alter or amend the judgment (Doc. 11) is denied.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to submit the $455.00 appellate filing fee, or to submit an executed form motion for seeking leave to proceed in forma pauperis on appeal.

IT IS FURTHER ORDERED that the court issues no certificate of appealability for petitioner's appeal.

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 14th day of May 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge